UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TYRESE HYLES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:09CV105 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Doc. No. 1), Motion to Amend Ground Six (Doc. No. 3), Motion to Amend Claim One (Doc. No. 5), Motion to Amend (Doc. No. 7), Supplemental Motion (Doc. No. 8), Motion to Adopt Co-Defendant Amesheo Cannon's § 2255 Petition (Doc. No. 9), and Second Amended § 2255 Motion (Doc. No. 23), and Respondent's Motion to Dismiss, (Doc. No. 26). For the reasons set forth below, Respondent's Motion is granted and this matter is dismissed.

**Factual Background**

On November 21, 2002, the federal grand jury returned a second superseding indictment against Movant for murder for hire and conspiracy to commit murder for hire, in violation of 18 U.S.C. §§ 1958(a) and 2. On May 9, 2005, Movant's trial

began. A jury returned guilty verdicts on both counts on May 26, 2005. The penalty phase of Movant's trial began on May 31, 2005, and concluded on June 9, 2005. The jury recommended sentences of life imprisonment without release. On September 9, 2005, this Court issued its judgment imposing two concurrent life sentences.

Movant appealed his conviction. In an opinion dated March 21, 2007, the Eighth Circuit Court of Appeals affirmed Movant's convictions in full. See *United States v. Hyles*, 479 F.3d 958 (8th Cir. 2007). Movant filed a Petition for Rehearing En Banc, which was denied on May 8, 2007. The Court's Mandate was entered on May 17, 2007. Copies of the Judgment, Denial of the Rehearing and the Mandate were sent to Movant's attorneys. Movant did not pursue a Writ of Certiorari from the United States Supreme Court.

On February 9, 2009, Movant to filed a motion for extension of time to file his motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Movant's § 2255 motion was filed on July 27, 2009. On August 3, 10, 27, 28, and 31, 2009, and on January 11, 2010, Movant filed his various supplemental motions.

## Discussion

Motions brought under 28 U.S.C. § 2255 are subject to a one-year statute of limitations which runs from the latest of four possible dates. *See* 28 U.S.C. § 2255(f). In this case, the latest of the four possible dates is the date on which the

judgment of conviction became final. The Supreme Court has held that a conviction is final for purposes of starting the clock on § 2255's limitations period "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States,* 537 U.S. 522, 524-25 (2003). Under the Supreme Court Rules, the time to file a petition for writ of certiorari is within 90 days after the Court of Appeals enters judgment, not after it issues the mandate. *See* SUP. CT. R. 13. In this case, the Eighth Circuit affirmed the sentence and conviction by written opinion issued on March 21, 2007. The Petition for Rehearing En Banc was denied on May 8, 2007. Petitioner's time to file a petition for writ of certiorari expired on August 6, 2007, ninety days after the Eighth Circuit issued its denial of the Motion for an en banc hearing. Since Movant did not petition for a writ of certiorari, his conviction became final on August 7, 2007. *See United States v. Martin,* 408 F.3d 1089, 1090 (8th Cir.2005). Movant's time to file a motion under § 2255 therefore began running on August 6, 2007. *See Martin,* 408 F.3d at 1090 (finding "one-year period to file a § 2255 motion in district court began running on March 12, 2002," the 90th day after Eighth Circuit issued judgment on December 12, 2001, where petitioner did not petition Supreme Court for writ of certiorari); *see also* 28 U.S.C. § 2255(f)(1) ("The limitation period shall run from ... the date on which the judgment of conviction becomes final."). The limitations period expired one year later, on August 6, 2008. *See Martin,* 408 F.3d at 1090-91

(noting "Martin's filing deadline passed on March 12, 2003," where limitations period "began running on March 12, 2002.") When a defendant in a federal prosecution is unsuccessful in his direct appeal and does not petition for a writ of certiorari from the U.S. Supreme Court, his "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003); see also *O'Neal v. Kenny*, 579 F.3d 915, 918 (8th Cir. 2009).

Movant's initial §2255 motion and all his supplemental motions were filed well beyond the one-year period of limitation set forth in 28 U.S.C. § 2255(f). Movant sought an extension of time to file his Section 2255 Motion on February 9, 2009. This motion came well beyond the time for filing the actual motion, and indeed, the actual Motion came much later, on July 27, 2009, slightly less than two years after his judgment of conviction became final.

The Eighth Circuit Court of Appeals has recognized that the doctrine of equitable tolling applies to the one-year limitations period in § 2255. *Martin*, 408 F.3d 1089. Equitable tolling only applies where extraordinary circumstances beyond a prisoner's control prevent timely filing, and where the prisoner has exercised due diligence in pursuing the matter. *Id.* Negligence or mistake of counsel is normally not sufficient to invoke the doctrine; rather, there must be

serious misconduct. *Id.*

Movant claims he was in a new facility and was unable to prepare his motion papers and was waiting for the transcripts. This rationale is flawed in that it occurred prior to the expiration of the limitation period. Moreover, his claims that he did not know when the judgment was entered is belied by the record which establishes that the judgment and denial of the motion for rehearing were electronically sent to Movant's attorneys. Movant does not explain how he ultimately learned of the judgment, nor does he explain anything he did that would constitute due diligence. This is a far different fact scenario from that presented in *Martin*, where the movant made repeated attempts to contact his lawyer and where the lawyer actually lied, repeatedly, to the movant and his family about the filing of the § 2255 motion.

Equitable tolling requires that the Movant exercise due diligence. Here there is nothing to indicate any type of diligence on Movant. Movant has pointed to nothing that he did while in prison to verify that his appeal had been decided. He could have easily inquired with the Court. During the one year limitations period Movant was paying the special assessment imposed at sentencing. Nothing prohibited him from making reasonable inquiries, yet there is no evidence that Movant did anything at all.

Due diligence requires that a person actual do *something*. Movant has shown

nothing that he has done that would constitute due diligence. Under all the circumstances, the Court sees no reason in the law or under the interests of justice to allow the filing of a § 2255 motion that is almost two years late.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **dismissed.**

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss , [Doc. No. 26], is granted.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 10th day of May, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE