UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TYRESE D. HYLES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:09CV105 HEA |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent, | ) | |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is petitioner's Rule 60 motion. After due consideration, petitioner's motion will be denied.

**Procedural Background**

On November 21, 2002, the federal grand jury returned a second superseding indictment against petitioner for murder for hire and conspiracy to commit murder for hire, in violation of 18 U.S.C. ′′ 1958(a) and (2). On May 9, 2005, petitioner=s trial began. A jury returned guilty verdicts on both counts on May 26, 2005. The penalty phase of movant=s trial began on May 31, 2005, and concluded on June 9, 2005. The jury recommended sentences of life imprisonment without release. On September 9, 2005, the Court issued its judgment imposing two consecutive life sentences. *United States v. Hyles*, 1:01CR73 HEA (E.D. Mo.).

Petitioner appealed his conviction. In an Opinion dated March 21, 2007, the Eighth Circuit Court of Appeals affirmed petitioner=s convictions in full. *See United States v. Hyles*, 479 F.3d 958 (8th Cir. 2007). Petitioner did not pursue a writ of certiorari to the United States Supreme Court.

On February 9, 2009, petitioner filed a motion for extension of time to file his motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. ' 2255. Petitioner=s motion to vacate was actually filed on July 27, 2009. *See Hyles v. United States*, 1:09CV105 HEA (E.D.Mo.). On August 3, 10, 27, 28 and 31, 2009, and on January 11, 2010, petitioner filed various supplemental motions. On May 10, 2010, by Opinion, Memorandum and Order, the Court denied and dismissed petitioner=s motion to vacate as untimely.[1] The Eighth Circuit Court of Appeals denied petitioner a certificate of appealability on August 23, 2010.

On September 30, 2013, petitioner filed a AMotion Filed Under Federal Rule of Civil Procedure 60(b)(2), Newly Discovered Evidence, 60(b)(3); Fraud, 60(b)(6) and all Requested under an >Independent Action,= and Respectfully Moves this Court for Relief from Final Judgment of Conviction, based on Knowingly Perjured Testimony Given to Grand Jury.@ *See Hyles v. United States*, 1:13CV143 HEA (E.D.Mo.).

In his motion, petitioner requested relief from the denial of his motion to vacate, alleging Afraud@ in his underlying criminal action. Specifically, petitioner asserted that the government Aknowingly presented perjured testimony to the Grand Jury in return of an indictment against petitioner.@

In accordance with petitioner's request, the Court filed petitioner's action as an independent action under Rule 60 and reviewed his arguments under the Rule. The Court ultimately found that petitioner had failed to allege a fraud upon the Court that would entitle him to relief in an action in equity under Rule 60. All of petitioner's allegations concerned fraud in

---

[1] An amended opinion was entered on August 6, 2010 to account for a clerical error.

his underlying criminal action and only a Rule 60(b) motion alleging fraud or other defect in <u>the federal habeas proceeding</u> may constitute a true Rule 60(b) motion. *See, e.g., Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) ("Thus, an allegation that the state presented fraudulent testimony before the federal habeas court that was separate and distinct from any previous fraud alleged to have tainted the initial conviction or direct appeal may be the subject of a true Rule 60(b) motion.").

Pursuant to the relevant caselaw, petitioner's motion was therefore considered noncognizable under Rule 60, and instead, considered as a second or successive § 2255 petition, as any ruling on his allegations "would inextricably challenge the underlying conviction proceeding." *Spitznas*, 464 F.3d at 1216; *see also Gonzalez v. Crosby*, 545 U.S. 524, 533-36 (2005). As such, petitioner's motion was denied and dismissed as a successive § 2255 motion and no certificate of appealability was issued. The Eighth Circuit Court of Appeals denied petitioner's request for certificate of appealability on July 16, 2014. *See Hyles v. United States*, No. 14-1536 (8th Cir. 2014).

## Discussion

In the instant motion, movant claims that the recent Supreme Court case of *Alleyne v. United States*, 133 S.Ct. 2151 (2013), decided in June of 2013, should be retroactively applied to his case in order to reduce his sentence. In reliance on *Alleyne*, the Court presumes that petitioner is asserting that his sentence was enhanced without notice to him or a jury and that this

3

practice is unlawful under the holding of *Alleyne*.[2] Petitioner further asserts, in a conclusory manner, that he is actually innocent of the crime for which he was charged.[3]

Under 28 U.S.C. ' 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under ' 2255 to grant movant=s requested relief. As noted with regard to petitioner's prior filings

---

[2] In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an Aelement@ of the criminal offense that must be submitted to the jury.

[3] Petitioner appears to assert that the Supreme Court's holding in *Alleyne* supports his arguments for "actual innocence." Petitioner is incorrect. The showing necessary for an "actual innocence" claim is recognized in the Supreme Court case of *Schlup v. Delo*, 513 U.S. 298, 329 (1995). As outlined in *Schlup*, in order to show a "gateway innocence claim," it is not sufficient to merely show that reasonable doubt exists in light of the new evidence being presented. Rather, "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup,* 513 U.S. at 326.

In *McQuiggin*, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in 28 U.S.C. ' 2244(d)(1) upon a showing of Aactual innocence@ under the *Schlup* standard. *See McQuiggin v. Perkins*, *133 S.Ct. 1924 (2013)*. Critically, the holding in *McQuiggin* was based on the Supreme Court's conclusion that Congress, through its silence on the issue, had not intended to eliminate the pre-existing equitable Aactual innocence@ exception for an untimely **first-time filer**. *See id.* at 1934. On the other hand, the Court expressly recognized that Congress, through ' 2244(b), had intended to Amodify@ and Aconstrain[ ]@ the Aactual innocence@ exception with respect to **second or successive petitions**. *See id.* at 1933B34. Nothing in *McQuiggin* authorizes a court to ignore or bypass these constraints. Thus, *McQuiggin* does not apply to second or successive petitions and cannot serve to allow petitioner to bypass the untimeliness of his first § 2255 in this Court. Thus, in order to pursue any claims relating to relief from his conviction in this Court, petitioner must have certification to do so from the Eighth Circuit Court of Appeals.

4

in this Court, any matter relating to petitioner's claims can only come before this Court if his claims are first certified by the United States Court of Appeals. As petitioner has not yet received a "second or successive certification," his petition for relief must be dismissed.

Even if movant=s motion was properly before this Court, his argument under *Alleyne* would still be irrelevant. The Supreme Court resolved *Alleyne* on direct, rather than collateral review, and it did not declare that its new rule applied retroactively on collateral attack. In other words, the holding enunciated in *Alleyne* cannot provide petitioner a basis for relief from his judgment and conviction.

*Alleyne* enunciates a rule of constitutional law. A[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, **pending on direct review or not yet final**, with no exception for cases in which the new rule constitutes a xclear break= with the past.@ *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987) (emphasis added). Generally, however, constitutional rules are not applied to cases, such as this one, being considered on collateral review. *Teague v. Lane*, 489 U.S. 288, 303 (1989). AUnless they fall within an exception to the general rule, new rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.@ *Id.* at 310.

ATwo exceptions to the *Teague* rule, however, permit the retroactive application of a new rule whenever: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new Awatershed@ rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.@ *In re Carl Green*, 144 F.3d 384, 386 (6th

Cir.1998), *citing Caspari v. Bohlen*, 510 U.S. 383, 396 (1994).[4] This Court finds that *Alleyne* does not fall within either of the exceptions to the non-retroactivity rule, and declines to apply *Alleyne* in this ' 2255 proceeding.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion brought pursuant to Rule 60 [Doc. #50] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court declines to issue a Certificate of Appealability.

**IT IS FURTHER ORDERED** that petitioner shall not be allowed to file any additional motions or pleadings in this closed case.

Dated this 24th day of October, 2014.

                                                    HENRY EDWARD AUTREY
                                         UNITED STATES DISTRICT JUDGE

---

[4] *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices of the Supreme Court have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348 (2004).